25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Brian G. TACKETT, Plaintiff-Appellant,
v.
Raymond WILT; Duane Schwartz; John Caudill, Defendants-Appellees.
 No. 94-5035.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 1
 Before: SUHRHEINRICH and BATCHELDER, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Brian Tackett appeals a district court judgment dismissing his Bivens complaint filed against two Assistant United States Attorneys and an Alcohol, Tobacco and Firearms (ATF) agent. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Tackett sued Schwartz and Caudill, two Assistant United States Attorneys, and Wilt, an ATF agent, alleging that they violated his Sixth Amendment right to a fair trial. Tackett alleged that these federal officials were able to secure his conviction by intimidating, threatening and coercing defense alibi witnesses into not testifying at Tackett's criminal trial, and that other witnesses were forced to testify under a cloud of coercion. Tackett also sought to "enjoin the defendants and all agents in concert therewith, from any further questioning, intimidating and harassing any known witness favorable to plaintiff in any criminal or civil proceeding in any court in the Western District of Kentucky." A federal jury ultimately convicted Tackett on a four-count superseding indictment for his part in an arson in a criminal action. At the time the district court rendered its decision in this Bivens action, Tackett had two motions pending in his criminal case, a motion for a new trial and a motion for judgment of acquittal, which raised the same issues presented in this Bivens action.
 
 
 4
 The district court dismissed Tackett's Bivens complaint finding that the defendants were absolutely immune from liability for damages because defendants' actions were intimately associated with the judicial phase of the criminal proceedings. With regard to Tackett's request for injunctive relief, the court found that the doctrine of absolute immunity did not apply, but that Tackett had an adequate remedy at law to redress his alleged harm.
 
 
 5
 On appeal, Tackett continues to argue the merits of his claim that the defendants were not entitled to absolute immunity. He does not specifically address the issue of the district court's denial of his request for injunctive relief.
 
 
 6
 Upon review, we conclude that the district court properly dismissed Tackett's Bivens action for failure to state a claim, as even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief against the defendants. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The defendants in this case are entitled to absolute immunity from damage liability. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir.1989); Joseph v. Patterson, 795 F.2d 549, 560 (6th Cir.1986), cert. denied, 481 U.S. 1023 (1987).
 
 
 7
 Because Tackett did not raise the issue of the district court's denial of injunctive relief on appeal, this claim is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Nonetheless, the district court properly denied Tackett's request for injunctive relief.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation